UNITED STATE DISTRICT COURT

DISTRICT OF OREGON

THOMAS LEE MATTSON,                          Case No 6:12-cv-1347-AA

      Plaintiff,                         OPINION AND ORDER

   v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.

———————————————————

Linda S. Ziskin
P.O. Box 753833
Lake Oswego, OR 97035
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Lars J. Nelson
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendants

1    - OPINION AND ORDER

Aiken, Chief Judge:

This action is brought to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for Disability Income Benefits (DIB) under the Social Security Act (the Act). 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

BACKGROUND

On December 13, 2006, plaintiff protectively filed for DBI benefits, alleging disability as of July 1, 2000. Tr. 282. Plaintiff was insured for DIB through December 31, 2005, his "date last insured" (DLI), and he was required to establish disability on or before that date. Tr. 283. Plaintiff's application was denied initially and again upon reconsideration, and a hearing was held before an administrative law judge (ALJ). On March 21, 2008, the ALJ found plaintiff not disabled under the Act. Tr. 348-56. Plaintiff timely appealed the unfavorable decision to the Appeals Council, which denied review. Tr. 1-3. Plaintiff then sought judicial review.

Pursuant to stipulation of the parties, this Court reversed the ALJ's decision and remanded the case for further proceedings. Tr. 360. Specifically, the parties stipulated that the ALJ should reassess the opinions of physicians Douglas D.

2    - OPINION AND ORDER

Bailey, M.D., and Richard L. Mentzer, M.D., and the statement of lay witness Evelyn L. Mattson. The ALJ also was directed to reassess plaintiff's credibility and residual functional capacity (RFC).

The Appeals Council remanded the case to the ALJ, with further instructions. Tr. 362. The Appeals Council directed the ALJ to consider treating, examining, and non-examining source opinions and "explain the weight given to such opinion evidence"; consider lay witness statements; consider plaintiff's maximum RFC and provide "appropriate rationale with specific references to evidence of record in support of the assessed" RFC; and obtain vocational expert testimony "to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 365.

Upon remand, a second ALJ held an administrative hearing on March 22, 2012, at which plaintiff, a medical expert, and a vocational expert testified. Tr. 296-344. During the hearing, plaintiff amended his onset date from July 1, 2000 to June 16, 2003. Tr. 282. On April 26, 2012, the ALJ issued a decision finding plaintiff not disabled under the Act. Tr. 279-291.

Relying on the testimony of plaintiff and the medical expert and the opinion of a non-examining physician, the ALJ found that plaintiff had the RFC to perform light work; he could

lift and carry twenty pounds occasionally and ten pounds frequently, with no limitations on his ability to stand, walk, or sit. Tr. 286. The ALJ also found that due to back, knee and shoulder pain, plaintiff was limited to occasional bending, stooping, and crouching and could perform no more than occasional overhead reaching and frequent reaching in other directions. Lastly, the ALJ found that plaintiff should avoid concentrated exposure to vibration. Tr. 286.

Relying on the testimony of the vocational expert, the ALJ found that plaintiff could not perform his past relevant work, tr. 290, but that plaintiff could perform other work as an electronics worker, storage facility rental clerk, and basket filler. Tr. 291, 338-40. The ALJ therefore found plaintiff not disabled under the Act. This decision became the final decision of the Commissioner. Plaintiff again seeks judicial review.

<u>DISCUSSION</u>

Plaintiff argues that the ALJ failed to follow the Appeals Council's instructions on remand and improperly rejected the opinion of three physicians and lay witness statements. Plaintiff also disputes the ALJ's RFC assessment and maintains that he should be found presumptively disabled under the Medical-Vocational Guidelines.

///

4    - OPINION AND ORDER

A. Review of Medical Evidence on Remand

In the 2008 unfavorable decision, the first ALJ found in relevant part that plaintiff could "sit for one hour at a time, for a total of three hours, stand for one hour at time, for a total of two hours and walk for one hour at a time or one mile at a time for a total of four hours" during an eight-hour workday. Tr. 351. The first ALJ based this finding in part on the medical reports of Drs. Mentzer and Bailey, giving those reports (though not their opinions of disability) "controlling weight." Tr. 353-54. On remand, the second ALJ discounted the opinions of Drs. Bailey and Mentzer. Tr. 289. Instead, the ALJ assessed plaintiff's RFC based on the opinions of the testifying medical expert Arthur Lorber, M.D., examining physician Amy Dourgarian, M.D, and non-examining physicians. Tr. 234-42, 243-50, 256, 288-90.

Plaintiff argues that the Appeals Council expressly remanded the case for consideration of the medical record and plaintiff's asserted need to change positions and to lie down for one hour during a normal eight-hour workday. Plaintiff argues that the ALJ's failure to identify and consider this asserted limitation constitutes reversible error. I disagree.

Plaintiff is correct that the ALJ found that "[t]here is no indication the claimant was assessed as needing to lie down for

one hour in an eight-hour day, as indicated in the Appeals
Council's order on remand." Tr. 289. As noted by plaintiff, Drs.
Bailey and Mentzer indicated that plaintiff "Must Lie Down" for
one hour during an eight-hour workday. Tr. 275, 278. However,
unlike the first ALJ decision in 2008, the second ALJ did not
rely on Drs. Bailey and Mentzer and instead assigned weight to
the reports and opinions of Drs. Lorber and Dourgarian and the
non-examining physicians. Tr. 288-90. None of these opinions
suggest that plaintiff must change positions or lie down for one
hour.[1] Tr. 234-42, 243-56, 317.

Therefore, if the ALJ provided legally sufficient reasons
to reject the opinions of Drs. Bailey and Mentzer, the ALJ did
not error in failing to indicate whether plaintiff would need to
change positions or lie down for one hour each workday.

---

[1] Upon review of the medical evidence and plaintiff's testimony,
Dr. Lorber opined that plaintiff could lift twenty pounds
occasionally and ten pounds frequently, with occasional bending,
stooping, crouching, and kneeling. Dr. Lorber found that
plaintiff had no limitations in his ability to stand, walk, or
sit, and that plaintiff could reach overhead only occasionally
and in other directions frequently. Dr. Lorber also found that
plaintiff should avoid exposure to concentrated vibration and
would require no other exertional, environmental, manipulative,
or positional limitations. Tr. 317.

Dr. Dourgarian opined that plaintiff is not limited in his
ability to stand, walk, and sit, and that he could lift and
carry sixty pounds occasionally and twenty pounds frequently.
She also assessed plaintiff with bending, stooping and overhead
reaching limitations. Tr. 238. The opinions of the non-examining
physicians were consistent with Dr. Lorber's. Tr. 243-56.

Where a treating or examining physician's opinion is uncontradicted, the ALJ must provide "clear and convincing" reasons to reject the physician's opinion, supported by substantial evidence in the record. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating or examining physician's opinion is contradicted, the ALJ must provide "specific and legitimate reasons" supported by substantial evidence. Id. at 1202-03. Importantly, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). Rather, opinions of non-examining physicians may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). For the reasons set forth below, the ALJ provided valid reasons for discounting the opinions of Drs. Mentzer and Bailey.

Dr. Mentzer provided two letter opinions stating that plaintiff was disabled from performing "physical labor." Tr. 258, 261. Similarly, Dr. Bailey provided an opinion letter stating that plaintiff "can no longer do even the medium or higher level of employment" and "would be able to have a

7    - OPINION AND ORDER

sedentary job." Tr. 274. The ALJ found that "[i]n light of the opinion of Dr. Lorber and the record as a whole, including the claimant's reports regarding his ongoing activities, no weight is given to Dr. Mentzer's opinion to the extent his statements indicate the claimant is completely and permanently disabled from physical labor for gainful employment." Tr. 289. The ALJ further found that Dr. Bailey's opinion "is simply not supported by Dr. Mentzer's chart notes describing the claimant's range of motion of his knees, and is contradicted by the claimant's actual physical activities." Tr. 289. I find that the ALJ provided valid reasons for discounting the opinions of Drs. Mentzer and Bailey.

At the administrative hearing, plaintiff testified that he maintains his family's ranch by mowing lawns and mending fences, hauling rocks and grading the road with his tractor, and using a chainsaw to cut firewood; he splits the wood by hand, and hauls it with his tractor. Tr. 287, 310-13. As noted by the ALJ, such activities are reflected in the medical evidence of record. Tr. 287-88. In August 2001, Dr. Bailey noted that plaintiff "is working doing farm labor now," and in September 2006, Dr. Mentzer reported that plaintiff is "actually better if he stays active . . . and continue[s] working around his farm." Tr. 160, 263. On February 27, 2007, Dr. Dourgarian similarly reported

that plaintiff "lives on a farm and does all of his own work on the farm. He states that he is able to stay busy, and that is what he prefers to do. He states that he cannot sit still, and therefore, has to stay busy, and this is what seems to be what helps his pain the most." Tr. 235. In August 2005, plaintiff also reported to Dr. Mentzer that he was "on the road for two weeks, driving his family to Tennessee and back." Tr. 265, 287. Without question, plaintiff's admitted daily activities are inconsistent with the disability opinions of Drs. Mentzer and Bailey and provide a legally sufficient reason to discount their opinions. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (noting that physician's opinion was inconsistent with claimant's ability "to work independently and be self-motivated by maintaining a one-acre garden and assisting with the restoration of an old house").

The ALJ also found that "Dr. Mentzer's opinion is not supported by his own chart notes, which reflect findings inconsistent with his assessment." Tr. 289. The ALJ likewise found that Dr. Bailey's opinion conflicted with the medical evidence of record. In their letters, Drs. Mentzer and Bailey essentially opined that plaintiff's chronic back, shoulder, knee and foot pain interfered with his physical functioning. Tr. 258, 261, 274. However, as found by the ALJ, Dr. Mentzer's notes

9    - OPINION AND ORDER

reflected only "minimal tenderness" in plaintiff's low back and "[f]airly good range of motion" in his shoulders; the notes also indicated that plaintiff was "walking well without significant limitation." Tr. 259, 287-88; see Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (affirming the rejection of a medical opinion where the doctor's notes and recorded observations contradicted the doctor's opinion). In December 2005, Dr. Mentzer noted only diffuse tenderness in plaintiff back, "[n]o sign of any difficulty with ambulation," and "good range of motion in both shoulders" and "both knees." Tr. 263, 288. Dr. Mentzer noted plaintiff's back pain "is actually better if he stays active, and sitting around is the worst thing for it." Tr. 263. Inconsistencies among medical evidence in the record are valid reasons to discount a medical opinion. Morgan, 169 F.3d at 602-03 (an ALJ may look to medical record for inconsistencies; an inconsistency between medical opinions is justification for rejecting one of them).

Finally, contrary to plaintiff's contention, the ALJ did not fully reject the opinions of Drs. Bailey and Mentzer. The ALJ's RFC assessment reflects their opinions that plaintiff can lift 20 pounds occasionally and 10 pounds frequently. Tr. 275, 278, 286. The ALJ also included their opinions regarding plaintiff's ability to reach and bend by limiting plaintiff to

10    - OPINION AND ORDER

only occasional bending and overhead reaching. Id. The ALJ
simply rejected their opinions that plaintiff could not perform
physical activity and was limited to sedentary work.

In sum, the ALJ provided specific, clear and convincing
reasons to discredit the opinions of Drs. Bailey and Mentzer,
and those reasons are entitled to deference.

B. Lay Witness Testimony

Plaintiff also argues that the ALJ did not consider the lay
witness statements of Ms. Mattson, plaintiff's wife. Plaintiff
argues that the ALJ failed to credit the portions of Ms.
Mattson's statements that are supportive of disability and
provided vague reasons for discounting her statements. I find no
error.

The ALJ summarized Ms. Mattson's reports, including her
description of plaintiff's activities and her reports that
plaintiff does not need assistance with grooming or reminders to
take medication or attend to personal care; "watches the kids
play" only "when his back is not bothering him badly"; becomes
moody due to pain; and does not "get involve[d] in physical
activities that affect[] his back and shoulders and knees." Tr.
112-19, 285. The ALJ accepted Ms. Mattson's opinion in part,
finding "her description of plaintiff's daily activities is
generally consistent with the [assessed] residual functional

11    - OPINION AND ORDER

capacity," while rejecting her statement that plaintiff's physical capabilities are significantly limited as contrary to the evidence of record. Tr. 289.

An ALJ may discount lay witness statements by providing reasons germane to each witness. Molina v. Astrue, 674 f.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ did so.

For example, Ms. Mattson stated that plaintiff had trouble standing, walking, climbing stairs, and sitting. Tr. 117. However, as noted by the ALJ, plaintiff testified that he maintains his family's ranching by mowing lawns and mending fences; hauls rocks and grades the road with his tractor; uses a chainsaw to cut firewood, splits the wood by hand, and hauls it with his tractor. Tr. 287, 310-13. The ALJ also noted that plaintiff drove his family to Tennessee and back. Tr. 265, 287. An inconsistency between a claimant's activities and a lay witness's statements is a specific, germane, and sufficient reason to discredit a lay witness. See Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1163-1164 (9th Cir. 2008).

Ms. Mattson also reported that plaintiff had trouble squatting, bending, kneeling, and reaching. Tr. 117. However, the ALJ recognized such limitations in the RFC assessment and limited plaintiff to occasional bending, stooping, and

12    - OPINION AND ORDER

crouching, and no more than occasional overhead reaching and frequent reaching in all other directions. Tr. 286.

In sum, I find that the ALJ provided specific and germane reasons to discount the lay witness statements of Ms. Mattson regarding the severity of plaintiff's limitations.

C. RFC Assessment

In assessing plaintiff's RFC, the ALJ stated that plaintiff "had no limitations on his abilities to stay and, block, or sit" Tr. 286. Plaintiff concedes that the ALJ likely meant "stand and walk or sit" but argues that he is entitled to a "properly written decision with accurate findings." Pl.'s Opening Brief at 20. I agree with the Commissioner that the record clearly reflects that plaintiff's ability to "stand, walk, and sit" were the only relevant factors identified in the ALJ's hypothetical to the vocational expert. Tr. 286, 339. Further, the ALJ adopted the findings of Dr. Lorber, who imposed no limitations on plaintiff's ability to stand, walk, or sit. Tr. 317. Therefore, I do not find that the ALJ's typographical error warrants reversal.

D. The Medical-Vocational Guidelines

Finally, plaintiff argues that the ALJ should have found plaintiff disabled under the Medical-Vocational Guidelines, commonly known as "the grids." See 20 C.F.R. pt. 404, subpt. P,

app. 2. The grids correlate a claimant's age, education, work experience, and residual functional capacity to direct an initial finding of either disabled or not disabled. Id.; see Tommasetti v. Astrue, 533 F.3d 1035, 1043 n.4 (9th Cir. 2008) (quoting Lounsburry v. Barnhart, 468 F.3d 111, 1114-15 (9th Cir. 2006)). Plaintiff maintains that, at minimum, the ALJ should have found plaintiff disabled as of his amended onset date of June 16, 2003, because the grids direct a finding of "disabled" even if plaintiff is able to perform light work. However, plaintiff is mistaken.

Plaintiff was required to establish disability as of his DLI on December 31, 2005. Plaintiff was born on June 16, 1953; thus, as of December 31, 2005, plaintiff was fifty-two years old, as noted by the ALJ. Tr. 290, 321. Further, plaintiff has more than a high school education and can speak in English. Tr. 322. Therefore, as of December 31, 2005, plaintiff was "closely approaching advanced age" and was not disabled under the grids in light of his education. 20 C.F.R. pt. 404, subpt. P, app. 2 §§ 202.13-.15 (person who is limited to light work, closely approaching advanced age, and with a high school education is "not disabled," regardless of transferability of skills). Accordingly, the ALJ did not error by finding plaintiff not disabled pursuant to the grids.

14    - OPINION AND ORDER

CONCLUSION

For the reasons explained above, the ALJ's determination is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this ___24___ day of September, 2013.


_____
Ann Aiken
United States District Judge

15    - OPINION AND ORDER